# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | **No. 03-20123-02-CM** |
| ) | **No. 05-3367** |
| **ADAM DAVIS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

On March 4, 2004, a twenty-nine-count superseding indictment charged defendant and eight co-defendants. Defendant was specifically named in eleven of the twenty-nine counts. On June 7, 2004, pursuant to a plea agreement, defendant pleaded guilty to Count 1 – conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846. The court sentenced defendant to 121 months imprisonment on December 1, 2004.

This case is before the court on defendant's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 425), which defendant filed on September 13, 2005. Defendant argues that the court must vacate his sentence for three reasons: (1) the court erred by giving defendant two additional criminal history points for committing a crime while under a criminal justice sentence; (2) the court erred by applying the manager or supervisor enhancement to his sentence pursuant to U.S.S.G. 3B1.1(c); and (3) defendant's counsel was ineffective because he failed to file an appeal. In response to defendant's motion, the government filed Response to Defendant's Petition Under 28 U.S.C. § 2255 and Motion for Enforcement of Plea Agreement (Doc. 479). The government

asks the court to enforce the plea agreement, where defendant agreed that he would not collaterally attack any matter in connection with his sentence. Alternatively, the government asks the court to deny defendant's motion because it lacks merit. Defendant argues that the plea agreement is not enforceable because he did not waive his right to challenge the effectiveness of his counsel and because he did not knowingly and intelligently waive his right to challenge the sentence enhancements. If the court finds that the plea agreement is, in fact, enforceable, then it will summarily dismiss the appeal. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

**I.    Plea Agreement**

In determining the enforceability of a plea agreement, the court applies the test set forth in *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003), and adopted by the Tenth Circuit in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), which considers the following: (1) whether the disputed appeal or collateral attack is within the scope of the waiver; (2) whether the defendant's waiver was knowing and voluntary; and (3) whether enforcing the defendant's waiver would amount to a miscarriage of justice.

*A.    Scope of Waiver*

To determine whether the disputed issue is within the scope of the waiver, the court first considers the plain language of the plea agreement. *Anderson*, 374 F.3d at 957. The plea agreement, in its relevant part, provides:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined

appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The court construes this language "'according to contract principles and what the defendant reasonably understood when he entered his plea.'" *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1206 (10th Cir. 2004) (citation omitted). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

Here, defendant argues that his § 2255 motion is not within the scope of the waiver because (1) the court unjustifiably increased his sentence by adding two unwarranted criminal history points; and (2) the court improperly increased his offense level for an aggravating role in the offense. Specifically, defendant argues that he was illegally sentenced and that the waiver did not include a waiver of his right to be legally sentenced because that right cannot be waived. In support of his claim, defendant cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). In *Apprendi*, the court held that "other than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proven beyond a reasonable doubt." 530 U.S. at 490. In *Blakely*, the court held that the "statutory maximum," for *Apprendi* purposes, is the maximum sentence a judge may impose on the basis of facts reflected by the jury or admitted by defendant. 542 U.S. at 304.

Defendant argues that the court gave him two additional criminal history points based solely on information in the Presentence Investigation Report, not evidence submitted to a jury or admitted by

-3-

defendant. However, in *United States v. Green,* 405 F.3d 1180, 1193 (10th Cir. 2005), the court held that the "statutory maximum" in the case of appellate waivers refers to the upper limit of punishment that legislature has specified for the violation. "Using the *Blakely/Booker* definition of 'statutory maximum' in interpreting *Hahn* would be improper because doing so would render it virtually impossible for a defendant to waive his or her Sixth Amendment . . . rights." *Id.*

Here, the statutory maximum for conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846, is life imprisonment. As previously noted, the court sentenced defendant to 121 months. Defendant, then, was not illegally sentenced because the court sentenced him within the statutory range. Defendant's claim falls squarely within the waiver in the plea agreement, where defendant agreed that he would not collaterally attack any matter in connection with his sentence.

### B.     *Knowing and Voluntary*

In determining whether a waiver of collateral attack rights is knowing and voluntary, the court looks at (1) whether the express language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily; and (2) whether there was an "adequate Fed. R. Crim P. 11(b)(2) colloquy." *Id.* at 1325.

With regard to the first factor, the first sentence of the waiver provision in the plea agreement provides, "Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence." With regard to the second factor, Fed. R. Crim. P. 11(b)(2) states, "before accepting a plea of guilty . . . the court must address the defendant personally and determine that the plea is voluntary and did not result from force, threats, or promises (other

-4-

than promises in a plea agreement)." At the hearing on defendant's change of plea, the court asked defendant about the charges against him and his plea agreement with the United States, which included the following exchange:

| | |
|---|---|
| The Court: | Mr. Davis, do you understand the plea agreement? |
| Defendant: | Yes. |
| The Court: | And is that your entire agreement with the government? |
| Defendant: | Yes. |
| The Court: | Has anyone made any different promises to you? |
| Defendant: | No. |

. . . .

| | |
|---|---|
| The Court: | Has anyone attempted in anyway to force you to plead guilty? |
| Defendant: | No. |
| The Court: | Are you pleading guilty of your own free will, because you are guilty? |
| Defendant: | Yes. |

Because the express language of the plea agreement states that defendant knowingly and voluntarily entered into the plea agreement and because there was an "adequate Fed. R. Crim P. 11(b)(2) colloquy" between defendant and the court, the court finds that the waiver was knowing and voluntary. The factual circumstances surrounding the plea in this case serve as compelling evidence that defendant voluntarily and knowingly entered a plea. *See Hahn*, 359 F.3d at 1325 (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement).

## C.   *Miscarriage of Justice*

> An appeal waiver results in a miscarriage of justice, as may preclude its enforcement, only (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful; to satisfy fourth factor, error must seriously affect the fairness, integrity or public reputation of judicial proceedings.

*Anderson*, 374 F.3d at 959 (citing *Hahn*, 359 F.3d at 1327). The defendant has the burden of showing

that an appellate waiver results in a miscarriage of justice. *Id*.

Defendant has not made any arguments with respect to the first and fourth factors. With respect to the third factor, as outlined above, the court finds that for *Hahn* purposes, the sentence does not exceed the statutory maximum. The only question, then, is whether defendant's counsel was ineffective in connection with the negotiation of the waiver. To obtain habeas relief for ineffective assistance of counsel, defendant must establish that his attorney's representation was deficient – an objective standard – and that but for counsel's deficiency, the result may have been different. *United States v. Smith*, No. 03-20036-JWL, 2005 WL 839157, at * 3 (10th Cir. Apr. 11, 2005). Here, defendant claims he received ineffective assistance of counsel; however, defendant does not claim that counsel was ineffective in connection with the negotiation of the waiver. Rather, defendant alleges that counsel was ineffective because he failed to file a notice of appeal on two sentencing issues.[1] Accordingly, the court finds that counsel was not ineffective in connection with the negotiation of the waiver, and that enforcing the plea agreement would not result in a miscarriage of justice.

## II.  Conclusion

The files and record before the court conclusively show that defendant is not entitled to relief, and no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on

---

[1] Defendant's allegations on this claim are conclusory and made in an unverified brief. In his reply brief, defendant claims that he asked his attorney to file a notice of appeal on numerous occasions. Defendant does not proffer that he asked his attorney to do so before the time to appeal ran. He also does not give the court any additional information from which the court can determine that a hearing pursuant to *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005) is required on this issue. Conclusory allegations are insufficient to state a claim for relief. *See Hatch v. Okla.*, 58 F.3d 1447, 1457, 1471 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

the record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 425) is denied.

**IT IS FURTHER ORDERED** that the government's Response to Defendant's Petition Under 28 U.S.C. § 2255 and Motion for Enforcement of Plea Agreement (Doc. 479) is granted.

Dated this 27th day of July 2006, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**